FILED
United States Court of Appeals
Tenth Circuit

November 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TYRONE LESLIE FARRIS,

          Petitioner – Appellant,

v.

JUSTIN JONES, Director DOC; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

          Respondents – Appellees.

No. 11-6260
(D.C. No. 5:11-CV-00904-R)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Tyrone Leslie Farris, a state prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's dismissal of his unauthorized

second or successive 28 U.S.C. § 2254 petition for lack of jurisdiction. We deny

a COA and dismiss the matter.

In 1986, Mr. Farris was convicted of first degree rape in state court in

Oklahoma. In 1988, the Oklahoma Court of Criminal Appeals affirmed his

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction. Mr. Farris also sought state post-conviction relief and that request was denied.

In 1991, Mr. Farris filed his first § 2254 petition. The district court denied the petition and this court affirmed the district court's decision. *See Farris v. Kaiser*, No. 93-6122, 1993 WL 425418, at *1 (10th Cir. Oct. 19, 1993). In 1999, Mr. Farris filed a second § 2254 petition. The district court dismissed the petition as untimely and this court denied Mr. Farris's request for a COA. *See Farris v. Poppell*, No. 00-6034, 2000 WL 990678, at *1 (10th Cir. July 19, 2000).

In August 2011, Mr. Farris filed another § 2254 petition. A prisoner may not file a second or successive § 2254 petition unless he first obtains an order from the circuit court authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the circuit] court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Because Mr. Farris failed to first obtain circuit-court authorization to file his successive § 2254 petition, the district court dismissed it for lack of jurisdiction.

Mr. Farris now seeks a COA to appeal the dismissal of his successive § 2254 petition. In order to receive a COA, Mr. Farris must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When presented with an unauthorized second or successive claim, "the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion for lack of jurisdiction." *Cline*, 531 F.3d at 1252.  In its order, the district court noted that Mr. Farris had previously challenged his conviction through habeas petitions and "should be aware that the instant petition is second or successive and cannot be filed in this Court without permission from the United States Court of Appeals for the Tenth Circuit." R., Vol. 1 at 102.  The district court further noted that it knew "of no basis for transferring this action to the Tenth Circuit rather than dismissing it and permitting [Mr. Farris] to directly proceed to request permission." *Id.* (citing *Cline*, 531 F.3d at 1252).  Reasonable jurists could not debate that the district court was correct in its procedural ruling to dismiss Mr. Farris's unauthorized second or successive § 2254 petition for lack of jurisdiction.  Accordingly, we DENY a COA and DISMISS this matter.

We also DENY Mr. Farris's motion to proceed on appeal in forma pauperis because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  There was no reasoned, nonfrivolous basis for Mr. Farris to appeal the district court's dismissal of his successive § 2254

petition.  Having filed two prior § 2254 petitions and four requests for authorization to file second or successive § 2254 petitions, Mr. Farris knew he would need authorization from this court before he could file his successive § 2254 in district court.  Shortly after he filed this appeal, Mr. Farris did follow the proper procedures by filing a motion for authorization in this court.  At that point, Mr. Farris should have withdrawn this appeal.  Accordingly, we ORDER immediate payment of the entire filing fee for this appeal.

Entered for the Court,


ELISABETH A. SHUMAKER, Clerk